## SUCCESSION OF SERRET.

A demand against a surviving husband for an amount due to the succession of his wife, received by the former from sales of the separate property of the wife during marriage, cannot be cumulated with proceedings for the liquidation and partition of the succession. To cumulate such proceedings would be irregular, and tend to embarrass judicial proceedings. The demand must be made by a separate action.

APPEAL from the District Court of West Baton Rouge, *Nicholls*, J. *La-*
*bauve*, for the appellant.  *Bennett* and *Herron*, contrâ.  The judgment
of the court was pronounced by

SUCCESSION
OF
SERRET.

KING, J.  The administrator of *Henrietta Serret*, deceased, with a view to a
final liquidation and partition of her succession, presented to the Probate court,
as it formerly existed, a tableau exhibiting the debts of the estate, the balance
remaining for partition, and the share falling to each of the heirs.  The amount
due to the succession by *Hypolite Hébert*, surviving husband of the deceased,
arising from sales of the separate property of the wife during the marriage,
was also set forth.  This tableau was accompanied by a petition, in which the
administrator prayed, that the heirs of the deceased, and *Hypolite Hébert*, in
his own right, as surviving partner, and as tutor to his minor child, also an heir,
be cited to show cause why the liquidation and partition should not be made
the judgment of the court.  He also prayed that *Hypolite Hébert* be condemn-
ed to pay the sum which he appeared by the settlement to owe, and that the
administrator be authorized to distribute the sum, when collected, among the
heirs, in the manner proposed in the partition.  The heirs, in their answer, ad-
mit the tableau to be correct, and unite in the prayer for its homologation.

*Hébert* excepted to the jurisdiction of the Probate court, avering that the
question of his indebtedness could only be determined by a court of ordinary ju-
risdiction, and that it could not be cumulated with a proceeding for a liquidation
and partition of the succession, to which the administrator and heirs could alone
be made parties.  The exception was still pending when our present judicial
system went into operation, and the cause was transferred to the District
court.  The judge sustained the exception, and dismissed the action against
*Hébert*.  The administrator has appealed.

The defendant cannot complain that he is called into a proceeding having for
its object the final liquidation of the succession.  As the tutor of one of the
heirs, and as the surviving partner of the community, he was properly made a
party.  Indeed we do not understand his exception to extend beyond the com-
petency of the court to inquire into his indebtedness.

But as far as relates to the demand against him individually for the price of
dotal property of the wife alienated during the marriage, which he is alleged to
have received and appropriated to his own uses, the action is one of the admi-
nistrator against him to coerce the payment of a sum of money for distribution
among the heirs.  The ascertainment of the fact of his indebtedness arising
from this cause, does not depend upon the liquidation and partition, but may be
determined in a separate action.  The defendant stands in the attitude of any
other debtor, and it is obvious that the cumulation of a suit against the heirs for
a settlement and partition, with actions against debtors for payment, is irregu-
lar, and that its tendency is to embarrass judicial proceedings.  Although the
District court, as at present organized, had jurisdiction of all the matters in-
volved in the proceeding, it did not, in our opinion, err in driving the adminis-
trator to his separate action against the defendant.

*Judgment affirmed.*